IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **IVAN RAY**, on behalf of himself and all others similarly situated, | ) )  |
| Plaintiff, | ) ) CASE NO. ) ) JUDGE |
| v. | ) ) |
| **HERCULES TREE SERVICES LLC** | ) **COLLECTIVE AND CLASS ACTION** ) **COMPLAINT** ) |
| and | ) **JURY DEMAND ENDORSED HEREON** ) |
| **CODY BUTZER**, | ) ) |
| Defendants. | ) |

Plaintiff Ivan Ray files this Complaint against Defendants Hercules Tree Services LLC ("Hercules Tree") and Cody Butzer ("Butzer"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"); and Ohio Rev. Code § 4111.03(D), and states as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violate the FLSA and the Ohio Wage Laws.

2. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others like him who worked for Defendants in Ohio and suffered the same harms described below.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

6. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. At all times relevant, Plaintiff has been a citizen of the United States and employed by Defendants within this district and division. Plaintiff's written consent to join is attached as **Exhibit A**.

8. Defendant Hercules Tree Services LLC is a for-profit Ohio corporation with its principal place of business located in Akron, Ohio (Summit County). Hercules Tree can be served through its registered agent: Cody Butzer, 960 Robinwood Hills Drive, Akron, Ohio 44333.

9. Defendant Cody Butzer is an individual who can be served at his residence at 960 Robinwood Hills Drive, Akron, Ohio 44333.

## FACTUAL ALLEGATIONS

### Defendants as Joint Employers

10. Hercules Tree is an enterprise that providing various services involving tree trimming and removal.

11. Butzer is the founder, owner, president, and operator of Defendant Barberton Tree.

12. Butzer controls significant aspects of Hercules Tree's day-to-day business functions, including finance, sales, marketing, and customer service.

13. Butzer also exercises control over employee scheduling, job assignments, and other terms and conditions of employment.

14. Butzer determines Hercules Tree's employees' salaries, and makes hiring and firing decisions.

15. Butzer and Hercules Tree have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and others similarly situated.

16. Accordingly, Defendants were individually and jointly "employers" within the meaning of the FLSA and the Ohio Wage Laws.

17. Defendants jointly employed Plaintiff and those similarly situated as hourly, non-exempt employees.

18. At all relevant times, Defendants individually and jointly comprised an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## Unpaid Overtime

19. Plaintiff worked for Defendants for approximately 18 months in 2019 and 2020 as a "Ground Person."

20. Plaintiff and others similarly situated routinely worked in excess of 40 hours per workweek, often working as many as 60 hours per week or more.

21. Defendants did not pay Plaintiff and others similarly situated one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek. Rather, Defendants simply paid them their "straight time" rate for all hours worked.

22. Defendants willfully violated the FLSA and Ohio law by failing to pay Plaintiff and those similarly situated all overtime compensation earned.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

24. Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of the following collective:

> **All present and former full-time hourly employees employed by Defendants during the period of time from three (3) years preceding the commencement of this action through its final disposition ("FLSA Collective")**.

25. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were hourly employees of Defendants, and all were subjected to and injured by Defendants' unlawful practice of failing to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

26. The FLSA Collective Members have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

27. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

28. Plaintiff cannot yet state the exact number of similarly situated persons but estimates there are more than 50 similarly situated employees during the relevant time period. Such persons are readily identifiable through the payroll records that Defendants are presumed to have maintained and were required to maintain pursuant to the FLSA and Ohio law.

29. To the extent Defendants failed to keep records as required by law, Plaintiff and those similarly situated are entitled to a reasonable estimate of hours worked.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

30. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and the following class:

> **All present and former full-time hourly employees employed by Defendants during the period of time from two (2) years preceding the commencement of this action through its final disposition ("Ohio Class").**

31. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class, which will be in Defendants' records if kept, but estimates that it is approximately 50 individuals within the relevant time period.

32. There are questions of law or fact common to the Ohio Class including: whether Defendants paid hourly, non-exempt employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

33. Plaintiff will adequately protect the interests of the Ohio Class Members. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class Members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

34. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class are common to each class as a whole and predominate over any questions affecting only individual class members.

35. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class Members to pursue their claims individually

would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Failure to Pay Overtime in Violation of the FLSA)

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Opt-Ins who will join this case pursuant to 29 U.S.C. § 216(b).

38. Defendants were covered by the FLSA and the FLSA Collective Members were not exempt from the protections of the FLSA.

39. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

40. Defendants had a companywide policy of not paying the FLSA Collective Members one and one-half times their regular rate for every hour worked in excess of 40 in a workweek, in violation of the FLSA.

41. Defendants knew or should have known that their conduct described herein violated the law. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

42. As a result of Defendants' individual and joint violations of the FLSA, Plaintiff and those similarly situated were injured in that they did not receive all overtime compensation due to them. Section 16(b) of the FLSA entitles them to an award of "unpaid overtime compensation" as

well as "an additional equal amount as liquidated damages." Section 16(b) of the FLSA further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

43. As a result of Defendants' practices, Plaintiff and the FLSA Collective Members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Failure to Pay Overtime in Violation of Ohio Rev. Code § 4111.03(D))

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Plaintiff brings this claim for violation of Ohio Rev. Code § 4111.03(D) on behalf of himself and the Ohio Class.

46. Defendants were covered by Ohio Rev. Code § 4111.03(D) and Ohio Class members were not exempt from the protections of this law.

47. Ohio Rev. Code § 4111.03(D) requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

48. Defendants had a companywide policy of not paying the Ohio Class one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

49. As a result of Defendants' individual and joint violations of Ohio Rev. Code § 4111.03(D), Plaintiff and those similarly situated were injured in that they did not receive all overtime compensation due to them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b), and direct that Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the FLSA Collective, and the Ohio Class;

C. Award Plaintiff, and the collective and class he represents, actual damages for unpaid wages and liquidated damages as provided under the FLSA and Ohio law;

D. Award Plaintiff, and the collective and class he represents, pre-judgment and/or post-judgment interest at the statutory rate;

E. Award Plaintiff, and the collective and class he represents, attorneys' fees, costs, and disbursements;

F. Award Plaintiff, and the collective and class he represents, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
1360 E. 9th Street, Suite 808
Cleveland, OH 44113
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: jmoyle@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

*/s/ Jeffrey J. Moyle*
Counsel for Plaintiff